**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 13-399-DLB**

**CAROLYN SUE RAY**                                                                          **PLAINTIFF**

**VS.**                              **MEMORANDUM OPINION AND ORDER**

**CAROLYN COLVIN, Commissioner,**
**Social Security Administration**                                                            **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review

of an administrative decision of the Commissioner of Social Security. The Court, having

reviewed the record, will affirm the Commissioner's decision, as it is supported by

substantial evidence.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Carolyn Sue Ray is a resident of Richmond, Kentucky. Though she formerly

worked in a factory, Plaintiff applied for supplemental security income on November 4,

2010. (Doc. # 9, at 4). In her application for benefits, Plaintiff alleged that she suffered

from knee, shoulder, and back pain, as well as other ailments. (Doc. # 7-1, at 45).

Plaintiff's application was denied initially on February 28, 2011, and after

reconsideration on May 9, 2011. (*Id.* At 20). Plaintiff then requested a hearing, which was

held before Administrative Law Judge (ALJ) Don C. Paris on July 3, 2012. (*Id.*) Though

ALJ Paris found that Plaintiff did suffer from some disability, he found that her disability was

1

not so severe as to justify an award of supplemental security income.  (*Id.* At 27-28).

Plaintiff unsuccessfully appealed to the Social Security Appeals Council, and having now

exhausted her administrative remedies, she brings this appeal in federal court.

On November 21, 2013, Plaintiff filed the instant action.  (Doc. # 1).  The matter has

culminated in cross motions for summary judgment, which are now ripe for review.  (Docs.

# 9 and 11).

## II.    STANDARD OF REVIEW

The Court's review is limited to determining whether the Commissioner's decision

followed proper legal standards and whether the Commissioner's findings are supported

by substantial evidence . *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.

2007).  Under this deferential standard, courts will not substitute their judgment for that of

the ALJ. *Id.* The Court does not resolve evidentiary conflicts or decide questions of

credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

Interpretations of statutes and agency regulations are questions of law, which the Court will

review de novo. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

## III.   ANALYSIS

### A.    The five-step process and the residual functional capacity

In deciding whether to award disability benefits, the ALJ must proceed through a

five-step analysis.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).  At

step one, the ALJ determines whether the applicant is gainfully employed.  20 C.F.R. §

404.1520(b).  At step two, the issue is whether the applicant suffers from any serious

physical or mental impairments.  *Id.* at § 1520(c).  Assuming the answer is yes, the ALJ

then considers whether the applicant's impairments are among those listed in Social Security regulations, such that the applicant is presumed disabled. *Id.* at § 1520(d).

If a claimant's impairments fail to qualify as a listed impairment under agency regulations, the ALJ must then prepare a residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This RFC is used at both steps four and five of the decision making process. *Id.* at § 1520(a)(4). At step four, the ALJ decides, in light of the RFC, whether the claimant can perform any past relevant work. *Id.* at § 1520(a)(4)(iv). If so, then the claimant is not eligible for benefits. *Id.* If not, the ALJ then proceeds to the fifth and final step: determining whether Plaintiff could perform alternative work that exists in sufficient numbers to preclude an award of disability benefits. *Id.* at § 1520(a)(4)(v). This determination is based in part on the RFC, which guides the ALJ regarding the type of work the claimant might be able to perform. *Id.*

There appears to be little dispute that the ALJ properly discharged his duties at the first three steps of the sequential evaluation process. The controversy arises, instead, at Steps Four and Five. At Step Four, the ALJ found that Plaintiff could perform her past relevant work; at Step Five, the ALJ found that even if Plaintiff was unable to perform her past relevant work, she could perform some alternative work in the national economy. (Doc. # 7-1, at 27-28). These determinations were based on the RFC and the testimony of a vocational expert during Plaintiff's hearing.

## B. The ALJ's failure to assign weight to Dr. Burch's opinion was harmless error.

Plaintiff notes in her memorandum how, contrary to agency regulations, the ALJ failed to assign a specific weight to the opinion of Dr. Barry Burchett. (Doc. # 9, at 6).

Defendant tries to avoid this fact by questioning whether Burchett's report qualifies as a "medical source statement or opinion," but the Court is not persuaded. Agency regulations define a "medical opinion" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of an individual's impairment." SSR 96-6P (S.S.A July 2, 1996). Whatever else might be said, Burchett's statement undoubtedly qualifies as a medical opinion. And as the Sixth Circuit has held, an unfavorable ALJ opinion "'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to *make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion* and the reasons for that weight." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing Soc. Sec. Rul. 96–2p, 1996 WL 374188, at 5 (1996)(emphasis added)). The ALJ's opinion makes no reference to the weight assigned Dr. Burchett's opinion. This is, unquestionably, an error, and one that ALJ Paris should avoid in the future.

However, not all errors necessitate remand, and this error is precisely the sort of "harmless" error discussed in *Bass v. McMahon*, 499 F.3d 506 (6th Cir. 2007). That case similarly involved an ALJ who failed to state explicitly how much weight he assigned to a medical expert's report. *Id.* at 510. The Circuit held that even if the expert's observations were counted as "medical opinions" as defined in agency regulations, the "failure to explicitly state how much weight the ALJ was providing such observations is harmless under *Wilson* because the ALJ's opinion is completely consistent with such observations. *Id.* In other words, the failure to explicitly assign a weight to a medical opinion is reversible error only if that opinion undercuts the ALJ's ultimate conclusion.

4

In the present case, Plaintiff has not even attempted to show that Dr. Burchett's report conflicts with the ALJ's determination. Indeed, the ALJ noted that his opinion was "further *supported* by...State agency medical consultants." (Doc. # 7-1, at 26) (emphasis added). The Court agrees with this determination. Burchett found that Plaintiff suffers a "mild limping gait" but that she "does not require the use of a handheld assistive device." Further, her "shoulders, elbows and wrists are non-tender." (*Id.* at 339). This evaluation is entirely consistent with the RFC, which limits Plaintiff's physical activity extensively. (*Id.* at 23-24) (providing that, among other limitations, Plaintiff should avoid heavy lifting and frequent stooping, kneeling, crouching, and crawling). Under these circumstances, the ALJ's failure to assign weight to Dr. Burchett's opinion was harmless error

## C. The ALJ's RFC determination and evaluation of the evidence was supported by substantial evidence.

Plaintiff takes issue with both the way the ALJ evaluated the evidence and with the hypothetical proffered to the vocational expert (VE). Yet however unsatisfied Plaintiff finds the ALJ's opinion, it is the ALJ's job–not Plaintiff's and not the Court's–to determine the credibility of witnesses and weigh the evidence of record. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir.1997).

Plaintiff's arguments about the ALJ's alleged failures are woefully inadequate. She notes in her memorandum, for instance, that one of the ALJ's findings "is not consistent...with the report of consultative examiner, Dennis Sprague." (Doc. # 9, at 5). This is not a legal argument–the ALJ is free to disagree with a consultative examiner, so long as that disagreement is supported by substantial evidence. Furthermore, it is not at all clear that the ALJ disagrees with Dr. Sprague in the first place. Dr. Sprague noted that

Plaintiff's ability to follow simple directions and perform simple tasks would be "mildly impaired," if at all, while her ability to follow complex instructions and perform complex tasks would be "markedly to moderately impaired" (Doc. # 7-1, at 485); meanwhile, the ALJ found that although Plaintiff suffered from "mental impairments," she could "understand, remember, and carry out both simple and detailed work instructions." Essentially, both Dr. Sprague and the ALJ found that Plaintiff suffered from some mental limitations, but that she could nevertheless overcome them to perform on the job. Plaintiff fails to explain both how the ALJ differed from Sprague and assuming the two did differ, why the ALJ was compelled to follow Sprague's opinion.

As it happens, the Court finds that the ALJ's RFC determination was supported by substantial evidence. Everything in the record–from Dr. Sprague's evaluation to the objective medical tests–suggest that Plaintiff is moderately impaired. That moderate impairment is fully reflected in the RFC.

Accordingly, Plaintiff's claims regarding the inaccurate hypothetical supplied to the VE lack merit. That hypothetical was based on the RFC. (*See* Doc. # 7-1, at 60). Because that RFC is an appropriate reflection of Plaintiff's capacity to work, the hypothetical supplied to the VE was accurate.

### D.    The ALJ adequately developed the administrative record.

As the Supreme Court has held, "[t]he social security hearing examiner...acts as an examiner charged with developing the facts." *Richardson v. Perales*, 402 U.S. 389, 410 (1971). Under certain circumstances, this duty to develop the record is heightened–if the claimant is mentally impaired, for instance, and not represented by counsel. *See Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Because Plaintiff

suffers from no serious mental impairments and was represented by counsel, no heightened duty to develop the record existed here. (Doc. # 7-1, at 36).

By the Court's count, Plaintiff cites precisely zero Sixth Circuit cases holding that, when a claimant was represented by counsel, the ALJ failed to develop the record. Nevertheless, Plaintiff encourages the Court to do just that–to hold, even though she was represented by counsel at the administrative hearing, that the ALJ failed to fully develop the record. The Court declines.

For starters, and as it relates to developing the record, the ALJ clearly did his job here: dutifully compiling a list medical tests, testimony, and medical evaluations. (Doc. # 7-1, at 23-26). Indeed, the record in this case is nearly 700 pages, and there's no evidence that the ALJ failed to consider any significant piece of it. Some of Plaintiff's arguments to the contrary border on superfluous. For instance, Plaintiff asserts without any support that, "[t]he Administrative Law Judge failed to explain how he reached his residual functional capacity." This is false: the ALJ devoted three pages of his written opinion to doing just that. (*Id.*)

The closest Plaintiff comes to a legitimate criticism of the ALJ's decision is her argument that the ALJ relies too heavily on less recent pieces of evidence. (Doc. # 9, at 8). But Plaintiff does not point to a single case suggesting that this is reversible error. Instead, she notes without any support in the record or citation to an attached affidavit that Plaintiff's medical condition has worsened significantly since 2008. (*Id.*) Without a scintilla of factual support or any citation to case law, the Court can't make heads or tails of this argument. If Plaintiff feels that new medical evidence shows that her condition has significantly worsened, she is free to refile her claim for disability benefits. As it stands,

however, the ALJ's decision was supported by substantial evidence, and Plaintiff's argument on this front does nothing to change that fact.

## IV.    CONCLUSION

Accordingly, for the reasons stated, **IT IS ORDERED** as follows:

1.    The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

2.    Plaintiff's Motion for Summary Judgment (Doc. # 9) is hereby **DENIED**;

3.    Defendant's Motion for Summary Judgment (Doc. # 11) is hereby **GRANTED**.

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 5th day of May, 2014.

Signed By:

*David L. Bunning*    DB

United States District Judge

G:\DATA\SocialSecurity\MOOs\Lexington\5-13-399 MOO.wpd